

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 13, 1966

Honorable Burton Burks, Sr.
County Attorney
Hood County
Granbury, Texas

Opinion No. C-790

Re: Whether the counties
located within the
Kickapoo Watershed have
the authority to pay for
the maintenance cost of
dams erected in the water-
shed under the particular
facts stated.

Dear Mr. Burks:

You have requested the opinion of this office regarding the matter stated above. In this connection, a portion of your letter of request is quoted herewith:

"The Kickapoo Watershed Project involves portions of Erath, Hood, Palo Pinto and Parker Counties. It has been approved by the Texas Soil Conservation Board. Further progress is being delayed because the Commissioners Court of Parker County is unwilling to underwrite any maintenance expense of the dams in that county. The other counties are willing to do this insofar as their respective counties are concerned, and also to share in the Parker County maintenance costs, if this can be done legally."

In the consideration of your request, it is necessary that we set forth Article 1109k, Vernon's Civil Statutes, in pertinent part:

"Section 1. All counties, cities, water control and improvement districts, drainage districts and other political subdivisions in the State of Texas are authorized to enter into contracts with soil conservation districts for the joint acquisition of right-of-ways or joint

-3792-

construction or maintenance of dams, flood
detention structures, canals, drains, levees
and other improvements for flood control and
drainage as related to flood control, and for
making the necessary outlets and maintaining
them; and providing further that such contracts
and agreements shall contain such terms, provi-
sions and details as the governing bodies of
the respective political subdivisions determine
to be necessary under all facts and circumstances.

"Sec. 2. All counties, cities, water con-
trol and improvement districts, drainage districts
and other political subdivisions in the State of
Texas may contribute funds to soil conservation
districts for construction or maintenance of
canals, dams, flood detention structures, drains,
levees and other improvements for flood control
and drainage as related to flood control and for
making the necessary outlets and maintaining them
regardless of whether the title to such properties
is vested in the State of Texas, or a soil con-
servation district, so long as the work to be
accomplished is for the mutual benefit of the
donor and the agency or political subdivision
having title to such property on which the im-
provements are located."

This office has previously ruled in Attorney General's
Opinion C-26 (1963), that the expenditure of county permanent
improvement funds, as authorized by Article 1109k, Vernon's Civil
Statutes, is constitutional. Further, there is no constitutional
prohibition against the payment of expenses incidental to the
construction and maintenance of permanent improvements out of
the county permanent improvement fund. Article 1109k, Vernon's
Civil Statutes, does not require the participation of any county
or other specified political subdivision, nor does it require
that those acting pursuant to this Article contribute in any
particular proportion or amount. The statute merely permits all
counties and other political subdivisions to contract for parti-
cipation in the operation of a district, with the financial con-
tribution of each county being a matter of contract by the com-
missioners court and the officers of the district. The purpose
of county participation is to obtain for the residents of the
county the benefits afforded by the operations of the district.
The precise amount of contribution that is made by an individual
county is a matter within the sound discretion of the commissioners
court of the particular county. For this reason, it is the opinion
of this office that the unwillingness of Parker County to underwrite

any maintenance expense for the structures in question has no bearing upon the legal capacity of the remaining counties to contribute to the district for construction or maintenance of flood control and drainage as related to flood control.

## S U M M A R Y

The amount contributed to a soil conservation district by a county pursuant to Article 1109k, Vernon's Civil Statutes, for flood control and drainage as related to flood control is a matter within the sound discretion of the commissioners court of the contributing county. Such contribution is not dependent upon the extent of the participation of other counties.

Very truly yours,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick
Assistant

MLQ:mh:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Pat Bailey
Paul Phy
John Fainter

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright